UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TRACY HUGHLEY | ) | |
| | ) | |
| v. | ) | 1:07-cv-173\1:04-cr-14 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Tracy Hughley ("Hughley"), has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Criminal Court File No. 98]. Hughley raises several alleged instances of ineffective assistance of counsel. Pursuant to the Court's Order, the government filed its response in opposition to the motion. As explained herein, Hughley's § 2255 motion is without merit, frivolous, and will be **DENIED** [Court File No. 98].

*I.    28 U.S.C. § 2255 - Standard of Review*

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case);

1

*Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas,* 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339, 354 (1994); *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 116 S. Ct. 1701, 134 L. Ed. 2d 800 (1996).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court is to determine, after a review of the answer and records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively the petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *See Evans v. United States*, 284 Fed.Appx. 304, 313 (6th Cir. 2008) (court need not conduct evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."); 28 U.S.C. § 2255(b). An evidentiary hearing is not warranted in the instant case.

## II. *Procedural Background*

Hughley pled guilty on December 6, 2004, to Count Two of a three-count indictment. Count Two charged Hughley, having previously been convicted of a felony, did possess a Winchester Arms 12-gauge shotgun, a 12-gauge shotgun, serial #H519710, a model RG 23 .22 caliber handgun, a Smith and Wesson .32 caliber handgun, and ammunition, in violation of 18 U.S.C. § 922(g)(1).

Hughley was sentenced to 120 months imprisonment and five years supervised release. Hughley appealed his sentence, challenging both his term of imprisonment and supervised release.

2

The Sixth Circuit vacated Hughley's sentence and remanded it solely on the issue of supervised release. *See United States v. Hughley*, 192 Fed.Appx. 447, 449 (6th Cir. 2006). Hughley's petition for writ of certiorari was denied by the United States Supreme Court on January 8, 2007. *See Hughley v. United States*, 549 U.S. 1140 (2007). Hughley was resentenced and the Court imposed the same term of imprisonment, but reduced his term of supervised release to three years, as directed by the court of appeals (Crim. Court File No. 87).

Hughley now challenges his convictions claiming he was denied effective assistance of counsel. Hughley raises six different alleged instances of ineffective assistance of counsel and, in his amendment, he seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the amendment to the Guidelines provision applicable to cases where a defendant's Guidelines range was based upon an amount of crack cocaine.

### III. *Factual Background*

The underlying facts of his case are taken from the Presentence Investigation Report ("PSR"):

> 9. On July 31, 2001, the Chattanooga Police Department (CPD) executed a search warrant at 4001 Highland Avenue, Chattanooga, Tennessee, the residence of Howard Turner, Tracy Hughley, and Pretoria Winston. (Ms. Winston pled to charges in state court from this arrest.) A Western Auto 12-gauge pump action shotgun loaded with one shell was laying in plain view on the living room floor in front of Tracy Hughley. After all three people were secured, officers found a loaded WEI .32 caliber revolver under the couch. Under the cushion of a recliner in the living room, officers found an RG .22 caliber revolver. Crack cocaine in several small bags was found on Howard Turner's person and on the floor next to the sofa. A small amount of crack was also located on Pretoria Winston. A total of 34.4 grams crack cocaine was located according to the Tennessee Bureau of Investigation laboratory report. Two unknown prescription pills and an illegal cable box were also found in the living room.
>
> 10. In a bedroom of the house, officers found a bag with three shotgun shells and a Winchester 12-gauge double-barrel shotgun that was disassembled. In the kitchen,

3

officers located a small bag of marijuana (0.2 grams), baking soda boxes, Pyrex dishes with cocaine residue, a pill bottle of marijuana seeds and a set of Sunbeam electronic scales. A total of $1,365 was also confiscated.

(PSR, p. 4).

The underlying facts of Hughley's sentencing are taken from the court of appeals' opinion:

A probation officer prepared a pre-sentence report in preparation for sentencing. Using Guideline calculations and alternative calculations should Hughley be found to be an armed career criminal, the report recommended that Hughley had an offense level calculation of 34. The pre-sentence report then recommended a three-level downward departure for acceptance of responsibility. The pre-sentence report recommended a total offense level of 31 for both the cross-referenced drug offense and the armed career criminal assessment.

The pre-sentence report suggested a total of seven criminal history points for the defendant, a score that would place him in Criminal History Category IV. However, because the pre-sentence report recommended that Hughley be found to be an armed criminal, the pre-sentence report advised that his criminal history classification should be increased to Category VI. According to the officer's calculations, the defendant had a guideline sentencing range of 188 to 235 months' incarceration.

On March 11, 2005, the district court held a sentencing hearing. At the hearing, Hughley objected to the probation officer's suggestion that he was an armed career criminal. The court requested the parties brief the issue, and rescheduled the sentencing hearing for April 4, 2005. On March 28, the district court entered an order finding that the defendant was not subject to the armed career criminal sentencing enhancements.

At the April 4 sentencing hearing, Defendant Hughley objected to (1) the conversion of the cash found on him at the time of arrest into cocaine base for sentencing purposes, and (2) the cross-reference to the drug charge in Count 3 because the Government agreed that it would dismiss Count 3 at the time of sentencing.[1] In response to Hughley's objections, the Government called ATF Special Agent Paris Gillette to testify regarding the circumstances of the arrest. Agent Gillette testified

---

[1] USSG § 2K2.1(a) provides the base offense level for Hughley's conviction for possession of the firearms, but § 2K2.1(c) also provides that, if the weapon was used in the commission or attempted commission of another offense, the guidelines for the resulting offense are applicable if the offense level is greater than that determined under USSG 2K2.1(a) and (b). In Hughley's case, it required the district court to calculate his base offense level as if his offense of conviction was conspiracy to distribute and possess with intent to distribute crack cocaine.

4

that Hughley's co-defendant stated that on July 31, 2001, he was at the house to buy crack cocaine from Hughley. Gillette further testified that the co-defendant said that three of the four recovered firearms belonged to Hughley. On cross-examination, Agent Gillette testified that while police officers made several controlled buys at the residence, he could not confirm that they specifically made the purchases from Hughley. Agent Gillette also stated that the authorities did not recover any cocaine base from Hughley's person.

After hearing Agent Gillette's testimony and arguments from counsel, the district court found that Hughley possessed the firearms as a convicted felon, and that he used or possessed them in connection with the drug offense charged in Count 3. The judge based his finding on the $1300 in cash on Hughley's person, the large amounts of cocaine base at the scene, the presence of firearms, the defendant's longstanding unemployed status, the co-defendant's comments and the controlled purchases.

The district court set the defendant's criminal history category at IV. Having found that Hughley used or possessed the firearms in connection with the drug offense, Judge Edgar cross-referenced the sentencing guideline for the drug offense as directed in USSG §§ 2K2.1(c)(1)(A) and 2X1.1. The court noted that the defendant's base offense level would be 32 based on the amount of cocaine base and the cash converted to cocaine base. See USSG § 2D1.1; USSG § 2D1.1(c)(4), Application Note 12. The court added two levels for possessing the firearms during the offense under USSG § 2D1.1(b)(1). And the court granted a three-level reduction for acceptance of responsibility. This resulted in a final offense level of 31. Based on these calculations, the defendant faced a guideline range of 151-188 months' incarceration.

Alternatively, the district court noted the defendant's base offense level would be 30 if the cash did not count towards the total amount of cocaine base. With the two-level firearm enhancement and three-level reduction for acceptance of responsibility, the defendant's total offense level would be 29. Under this calculation, the defendant's guideline range was 121 to 151 months' incarceration.

After it made the offense level calculations, the district court noted that both guideline sentences were above the statutory maximum (120 months) for the firearm charge to which the defendant pled guilty, pursuant to 18 U.S.C. § 922(g). The court then considered the defendant's past convictions, the seriousness of the offense, the need for deterrence, and the public welfare, and sentenced the defendant to 120 months' incarceration-the statutory maximum-together with five years' supervised release.

*United States v. Hughley*, 192 Fed.Appx. 447, 449-451 (6th Cir. 2006), *available in* 2006 WL 2252733.

5

Case 1:04-cr-00014-CLC-WBC   Document 136   Filed 07/30/09   Page 5 of 17   PageID #: 369

## IV. *Discussion*

Hughley has raised six different alleged instances of ineffective assistance of counsel in his § 2255 motion. In addition, he filed an amendment to his § 2255 motion seeking a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the recent amendment to the Guidelines provision applicable to cases where a defendant's Guidelines range was based upon an amount of crack cocaine. Hughley also filed a separate motion to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the same amendment to the Guidelines which the Court has denied (Crim. Court File No. 127).

### A. *Ineffective Assistance of Counsel*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 689-90. A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland v. Washington*, 466 U.S. at 691.

As an initial matter, the Court observes that Hughley has failed to meet the prejudice prong as to any of his six claims of ineffective assistance of counsel because he has failed to allege, much less demonstrate, a reasonable probability that he would have gone to trial but for counsel's alleged errors. Indeed, the only relief Hughley requests is that the Court re-sentence him. Thus, Hughley has failed to demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance. Furthermore, as explained below, Hughley has failed to demonstrate counsel was ineffective.

> 1. *Counsel Failed to Rely on United States Sentencing Guidelines* ("USSG") *§ 1B1.2(a) When Objecting to Use of § 2K2.1(c)(1)*

This claim is confusingly pled and difficult to decipher. Hughley claims counsel was ineffective for failing to rely on § 1B1.2(a) in her objection to the Court's use of the cross-reference in calculating his offense level. USSG. § 1B1.2(a) directs that "the offense guideline section in Chapter Two (Offense Conduct) [is] applicable to the offense of conviction[,]" unless the parties agree in a plea agreement to a more serious offense. Hughley's arguments are layered. First, he maintains that since there was no plea agreement and since he did not admit to any involvement with

7

drugs, the use of the cross-reference was incorrect. Secondly, the use of the cross-reference was improper because the drug count was not the offense of conviction, and, therefore, counsel's failure to make such an argument was deficient performance.

Hughley misunderstands the sentencing guidelines. The Statutory Index provides that for a felon-in-possession conviction in violation of 18 U.S.C. § 922(g), the Court is to determine the offense level in accordance with U.S.S.G. § 2K1.1. *See* USSG A (2004). The guideline for violating 18 U.S.C. § 922(g)(1) is Section 2K2.1. However, the cross-reference provision of § 2K2.1(c) *requires* the application of § 2X1.1 if the defendant possessed any firearm in connection with the commission of another offense and the resulting offense level is greater that the level for the offense of conviction. "Another offense," in Hughley's case is conspiracy to distribute and possess with intent to distribute crack, a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(b).[2] Thus, § 2X1.1(c) refers the Court to the Guidelines section applicable to the crack-conspiracy violation. The Statutory Index indicates that the applicable Guidelines range for a drug conspiracy is § 2D1.1, which was the provision used to determine Hughley's Guidelines range. The Court then was required to compare the crack-conspiracy offense level (calculated under Section 2X1.1) with the felon-with-a-firearm offense level (determined under Section 2K2.1) and use the one which resulted in the greater offense level.

Thus, the Statutory Index and § 1B1.2(a) was properly applied when the Court determined

---

[2] With respect to the cross-referenced offense level, it is of no consequence that Hughley did not plead to the drug offense and that the government agreed to dismiss the drug offense charge, because the government "need not charge and convict the defendant with the 'other' offense; it need only prove the facts supporting the greater charge by a preponderance of the evidence." *United States v. Vaught*, 133 Fed.Appx. 229, 233 (6th Cir. 2005).

8

the offense guideline using Chapter Two. The cross-reference provision of § 2K2.1, as well as sections 2X1.1 and 2D1.1, were likewise properly applied. Since there was no plea agreement in this case, the portion of § 1B1.2(a) regarding the effect of a plea agreement is simply irrelevant to Hughley's plea.

To the extent Hughley argues counsel should have argued the Guidelines were being misapplied because his sentence should not have been based on drug amounts to which he did not plead guilty, the argument is frivolous because it is contradicted by the record. Counsel did make such an argument. Specifically, counsel objected to converting the money found on Hughley to drugs and she objected to application of the cross-reference section involving the drug charges that had been dismissed (J.T. p. 2-3). Counsel argued the cross-reference was inappropriate since Hughley did not admit to any facts relating to the drugs when he pled to the gun charge, thus he did not possess the firearm in connection with another criminal offense. Counsel took the position that Hughley did not plead to drug trafficking and he was not involved in drug trafficking (J.T. pp. 4-5).

On direct appeal counsel challenged this Court's finding that Hughley possessed the firearms in connection with a felony drug trafficking offense and the Court's reliance on the cross-reference provision in USSG. § 2K2.1(c)(1)(A). The Sixth Circuit concluded that, based upon the circumstances of the case, it was not error for the District Court to find that Hughley possessed the firearms in connection with the drug trafficking offense and that application of the cross-reference was also not error (Crim. Court File No. 78, pp. 9-11). This Court is bound by the Sixth Circuit's ruling. Since there was no error, counsel could not have been ineffective for failing to assert that there was error.

        2.      *Failure to Object to the Use of 35 Grams of Crack Cocaine*

9

Hughley argues that counsel was ineffective for failing to argue that he should only be accountable for 34.4 grams of cocaine, rather than 35 grams that were attributed to him, because that was the quantity confiscated from the residence when he was arrested. Hughley maintains that counsel's failure to challenge the Court's use of 35 grams when sentencing him resulted in an increased sentence because, if he was only held accountable for 34.4 grams of crack, his total offense level would have been 27 and his advisory Guidelines range would have been 100 to 125 months.

Although the Court said "[i]f you don't use the cash he starts out at 30 . . ." (J.T. p. 21), which is actually the level for 35 grams but less than 50 grams of cocaine base, that misstatement did not affect Hughley's sentence.[3] First, even using the 34.4 amount, Hughley's sentencing guidelines would be 100 to 125 months and the Court would still find that 120 months was the appropriate sentence. Second, the calculation contained in the PSR was based on 34.4 grams of cocaine base *plus* 28.35 grams of crack cocaine based on the conversion of the money found on Hughley.[4] Consequently, counsel's failure to object to the Court's calculation using the offense level for 35 grams of cocaine base could not and did not result in any prejudice to Hughley because his sentence was actually based on the total amount of 62.75 grams of cocaine base. Accordingly, Hughley is not entitled to any relief on this claim of ineffective assistance of counsel.

---

[3] USSG § 2D1.1 provides the base offense level for the drug offense. USSG § 2D1.1(b)(1) provides for an increase of two levels if a dangerous weapon is possessed.

[4] Although the sentencing transcript does not clearly reflect what drug quantity the Court attributed to Hughley during the sentencing proceeding, in its Order denying Hughley's motion pursuant to 18 U.S.C. § 3582(c)(2) the Court formally concluded that in addition to the drugs that were confiscated, the money that was confiscated is properly converted to cocaine base when figuring Hughley's guidelines (Crim. Court File No. 127).

10

### *3. Counsel's Failure to Object to Two Level Increase under 2D1.1*

Hughley contends counsel rendered ineffective assistance when she failed to object to the two level increase pursuant to USSG 2D1.1(b)(1). Hughley asserts the two-level enhancement for possession of firearms during a drug trafficking offense amounts to double counting since his firearms conviction triggered the § 2K2.1(c) cross-reference to the drug offense Guideline.

"The established rule in the Sixth Circuit is clear that impermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Young*, 266 F.3d 468, 485 (6th Cir. 2001) (internal quotations omitted). Nevertheless, "not all instances of double counting are impermissible . . . [W]e allow double counting where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *United States v. Farrow*, 198 F.3d 179, 194 (6th Cir. 1999). However, there is no impermissible double-counting by application of § 2D1.1(b)(1) enhancement when calculating a defendant's offense level for a drug conviction, even though the defendant has also been convicted under § 922(g)(1) for possessing the same firearm. *See United States v. Taylor*, 248 F.3d 506, 517 (6th Cir.), *cert. denied*, 534 U.S. 981 (2001) (after grouping the offenses and adding the § 2D1.1(b)(1) enhancement, § 922(g) conviction was effectively disregarded in arriving at offense level).

In calculating the guidelines this Court used the USSG § 2K2.1(c)(1) cross-reference to USSG § 2D1.1(drug offenses) because Hughley possessed the firearm in connection with the commission of a cocaine base offense, and because the drug guidelines were higher than the felon in possession of firearm guidelines. The Court cross-referenced the calculations provided by 2X1.1 and, in it final calculations the Court only used the two level enhancement for possession of a

11

weapon under § 2D1.1(b)(1). Thus, the presence of the firearms was only taken into account once in the calculation of the offense level under § 2D1.1. Moreover, the two-level enhancement to the offense base level for the drug offense did not punish the same conduct as Hughley's firearm conviction. Therefore, because the cross-referenced guidelines, not the felon in possession of the weapons guidelines, were used in calculating Hughley's sentence and because that guideline only included a two-level increase for possession of the weapons, there was no double counting.

Accordingly, Hughley has failed to demonstrate counsel was deficient during his criminal proceedings or on appeal and he has failed to demonstrate he suffered any prejudice.

    *4.  Failure to Object to Use of Total Amount of Drugs Attributed to Hughley During Sentencing and on Appeal*

Hughley contends counsel, at sentencing and on appeal as well, failed to challenge the amount of drugs attributed to him. Specifically, Hughley claims counsel was ineffective for failing to argue the crack cocaine found on Turner and Pretoria Winston should not be attirbutd to petitioner. Hughley's contention is belied by the record. First, during the rearraignment, counsel informed the Court Hughley only admitted to the factual basis as to the possession of a firearm by a felon. Counsel explained that while Hughley agreed a quantity of cash was found on him, he disagreed that any quantity of crack was found on him. (Rearraignment Transcript p. 12).

In addition, counsel filed objections to the presentence report. Counsel objected to any amount of crack cocaine being attributed to her client. Specifically, she objected to the Base Offense level of 34 (as it related to Count Three of the Indictment) because her client had not been convicted nor had he admitted any conduct concerning the drugs. She made the same argument at sentencing in challenging the cross-referencing and also maintained that the drugs should not be factored into his sentence because the weapon was not possessed in connection with another

12

criminal offense (Judgment Proceedings Transcript ("JPT", p. 2-3). Counsel specified that it was Hughley's position that he was not involved in drug trafficking (JPT, p. 4-5).

Moreover, on appeal, counsel argued the district court committed plain error by basing his sentence on judge-found facts. It appears that the only "judge-found facts" were the facts relating to the drugs the district court attributed to Hughley. The appellate court concluded the district court permissibly engaged in fact-finding at the time of sentencing (Crim. Court File No. 78, P. 8-9).

In addition, Hughley's offense conduct was based upon conspiring with Turner to distribute and possess with intent to distribute crack cocaine. Therefore, the crack cocaine that was possessed by Turner is attributable to Hughley. *See* USSG § 1B1.3(a)(1)(B) (defendant is responsible for reasonably foreseeable acts of others in furtherance of conspiracy).

The Court found by a preponderance of the evidence that Hughley was dealing crack cocaine from the residence, he should be held accountable for the crack cocaine possessed by Turner because Turner purchased it from him, and that he should be held accountable for the crack cocaine found in the residence. The Court credited Turner's statement that Hughley was selling crack cocaine from the residence, thus counsel was not deficient in attempting to argue Hughley did not also provide the Winston with the crack cocaine she possessed. Because this claim is contradicted by the record, it is baseless, frivolous, and will not support the granting of relief.

   5.   *Ineffective Assistance on Appeal*

Hughley claims counsel failed to raise meritorious issues on direct appeal and argued frivolous issues, thus, rendering ineffective assistance of counsel. Specifically, Hughley claims counsel was ineffective on appeal for failing to challenge the District Court's reliance on the proffer of his co-defendant to invoke the application of the cross-reference and for failing to challenge the

13

Court's application of the cross-reference in determining his sentence.

As previously noted, Hughley was sentenced based on a cross-reference to the drug guidelines as allowed by Section 2K2.1(c)(1), which stated in the 2004 version of the United States Sentencing Guidelines: "If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, . . . apply–(A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above . . ." USSG. § 2K2.1(c)(1)(A).

The court of appeals considered and rejected these arguments on direct appeal. First the Sixth Circuit concluded there was sufficient evidence for the Court to apply the cross-reference (Court File No. 78, p. 11). Contrary to Hughley's claim, the Court did not rely solely on the proffer of the co-defendant when determining that application of the cross-reference was warranted; the Court also relied upon circumstantial evidence which supported Agent's Gillett's statements about his interview of Hughley's co-defendant and brother. Specifically, the Court found that the following evidence corroborated the co-defendant's proffer: evidence that Hughley was residing at the residence; cocaine base "all over the place";evidence of the large amount of cash on Hughley; the two controlled buys made from the residence; and the drugs, scales, and baggies found in the residence. The Sixth Circuit concluded that, "[b]ased on the corroborating evidence, the district court appropriately considered the co-defendant's testimony. Even if the district court improperly credited the co-defendant's testimony, there was sufficient additional evidence for the district court to find that Hughley engaged in drug trafficking." (Crim. Court File No. 78, p. 12).

Consequently, Hughley is barred from relitigating these issues that were raised on appeal.

14

*See Dupont v. United States*, 76 F.3d 108 (6th Cir. 1996). Given that the Sixth Circuit has found that the alleged errors did not occur, counsel cannot be faulted for failing to make arguments which have no merit and are doomed to fail. Relief is not warranted on this claim either.

      6.     *Sentencing Under Cross-Reference Provision Amounted to Plain Error*

Again, Hughley contends the Court committed plain error by use of the cross-reference section in calculating his base offense level. More precisely, Hughley claims the Court failed to specify his original offense base level under § 2K2.1(a) and therefore was unable to determine which offense level—his original offense level or the offense level under the cross-reference section—was higher.[5] Therefore Hughley argues that the Court was not permitted to apply the cross-reference section to sentence him.

"Plain error" is an argument to be made to a reviewing court and, indeed, this argument was made in the Sixth Circuit. The court of appeals found "that the district court properly calculated the defendant's base offense level according to the cross-referencing provision in USSG 2K2.1(c)(1). The base offense level under section 2K2.1(a)(2) thus is immaterial." *United States v. Hughley*, 192 Fed.Appx. 447, 455 (6th Cir. 2006), *available at* 2006 WL 2252733. Nevertheless, the Sixth Circuit found that the PSR properly calculated Hughley's base offense level as 24 under USSG § 2K2.1(a)(2). Consequently, Hughley's argument is frivolous. As noted, issues that were raised on appeal, may not be relitigated in the district court. *Dupont v. United States*, 76 F.3d at 109. The Court is bound by the Sixth Circuit's decision on a claim on direct appeal and the determination that the base offense level was properly computed under USSG § 2K2.1(c)(1) and that Hughley's

---

     [5]     USSG § 2K2.1(c)(1) is the cross reference section and it provides that the guideline calculation under the cross-reference section is to be applied if it is greater than the guideline calculation for the firearm offense under § 2K2.1(a).

Case 1:04-cr-00014-CLC-WBC   Document 136   Filed 07/30/09   Page 15 of 17   PageID #: 379

base offense level was properly calculated as 24 under USSG § 2K2.1(a)(2) resolves the instant claim. Accordingly, there was no plain error or any other kind of error with respect to the USSG 2K2.1(c)(1) aspect of Hughley's sentencing and he is not entitled to any relief on this claim.

### 7. *Retroactive Amendment to Guidelines*

Hughley has amended his § 2255 motion to include a claim that his sentence should be reduced based upon the retroactive amendment to the Guidelines applicable to crack offenses, citing 18 U.S.C. § 3582(c) (Court File No. 102).

Subsequent to filing the instant § 2255 motion, Hughley filed a motion for retroactive application of sentencing guidelines to crack cocaine offense under 18 U.S.C. § 3582 (Crim. Court File No. 119). The Court denied the motion to modify and reduce his sentence of imprisonment finding that "[s]ince these guidelines are still in excess of the statutory maximum sentence of 120 months for violation of 18 U.S.C. § 924(g), Hughley's guidelines remain as they were prior to the retroactive cocaine base reduction amendment at 120 months. Further, since the guidelines have not been reduced past 120 months by the retroactive cocaine base amendment, a reduction of Hughley's sentence is not authorized." (Court File No. 127, pp. 2-3). Accordingly, for the reasons stated in the Court's October 6, 2008 Memorandum and Order, denying Hughley's motion pursuant to 18 U.S.C. § 3582(c)(2) to modify and reduce his sentence based on a retroactive application of Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711, Hughley's claim that his sentence should be reduced based upon the retroactive amendment to the Guidelines applicable to crack offenses is **DENIED** (Crim. Court File No. 127).

V.      *Conclusion*

Hughley has failed to present any facts which establish his sentence is subject to collateral attack under 28 U.S.C. § 2255.   Accordingly, Hughley is not entitled to any relief under § 2255. An appropriate judgment will enter **DENYING** the § 2255 motion.

  */s/ R. Allan Edgar*  
R. ALLAN EDGAR  
UNITED STATES DISTRICT JUDGE